Dear Judge Bryson:
You have submitted the following legal question to this office for our response: if the board of aldermen of the Town of Greenwood exercises its discretion to appoint a magistrate to the mayor's court, must that appointee be an attorney? We respond in the affirmative.
R.S. 33:441(B) governs this matter and states:
 B. Notwithstanding any other provision of law to the contrary, the board of aldermen in its discretion may, upon request of the mayor, appoint an attorney who shall be designated as court magistrate and who shall serve at the pleasure of the mayor and may from time to time be designated by the mayor to serve in his stead as the presiding official over the mayor's court. Whenever the magistrate is so designated by the mayor to preside over the mayor's court, he shall exercise the powers and authority of the mayor over said court. The board of aldermen shall fix and pay the salary of the magistrate, if one is appointed.
It is the board of aldermen who is given the authority to appoint a court magistrate. The appointee must be an attorney. There is no exception to this statutory mandate. In accord is Attorney General Opinion 97-94, copy attached.
 Very truly yours, CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams